IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KIMBERLY G. TYSON | ) | |
| | ) | |
| v. | ) | NO. 3:08-0973 |
| | ) | |
| BRIAN KOEHN, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered October 3, 2008 (Docket Entry No. 4), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

The plaintiff filed this action pro se and in forma pauperis on September 25, 2008, while an inmate at the Metro-Davidson County Detention Facility ("MDCDF") in Nashville, Tennessee.[1] The MDCDF is a prison facility operated by Corrections Corporation of America, Inc. ("CCA") pursuant to a contract with the Metropolitan Government of Nashville and Davidson County. The plaintiff seeks damages under 42 U.S.C. § 1983 based on allegations that he was denied adequate medical care at the MDCDF for various medical ailments from May through September of 2008, and that he was retaliated against for making a complaint to the United States Department of Justice. By the Order of referral, process was issued to five individuals named in the complaint - Warden Brian

---

[1] The plaintiff was released from incarceration on an unknown date after filing his complaint. In his complaint, he listed a free world address to be used subsequent to October 27, 2008. See Complaint (Docket Entry No. 1), at 5.

Koehn, Dr. William Stewart, Medical Supervisor Vicki Figueroa, and MDCDF employees Darrell Jones and Shane Cosby. Upon the defendants' answer (Docket Entry No. 17), a scheduling order was entered (Docket Entry No. 22).

On June 16, 2009, the defendants filed a motion for summary judgment (Docket Entry No. 23), which is currently pending before the Court and which is unopposed by the plaintiff.[2] The defendants dispute the allegations that the plaintiff was not provided with adequate medical care and set forth evidence showing that the plaintiff was examined numerous times by the medical staff at the MDCDF concerning his complaints, was given orders for crutches and a bottom bunk, was given a diabetic screening and was monitored regarding possible diabetes, was given over-the-counter pain medications and other types of non-prescription medications, had x-rays taken of both feet, and was provided with foot baths. See Affidavit of William Stewart (Docket Entry No. 29). The defendants contend that there is no evidence showing that any other type of treatment was warranted, that plaintiff's complaints were ignored, or that he suffered from any type of urgent and serious medical condition while at the MDCDF. The defendants also argue that some of the plaintiff's allegations are directed at individuals who are not named in the complaint and that there is no evidence supporting the plaintiff's claim that he was retaliated against for making complaints. In addition to the affidavit of William Stewart, the defendants support their motion with the affidavits of Darrell Jones (Docket Entry No. 26), Brian Koehn (Docket Entry No. 27), and Shane Cosby (Docket Entry No. 28), each of whom deny knowledge of any complaint filed by the plaintiff with the United States Department of Justice and deny the plaintiff's allegations that he was transferred to multiple units within the MDCDF, allegedly in retaliation for his complaint. Id.

---

[2] By Order entered June 22, 2009 (Docket Entry No. 30), the plaintiff was notified of the motion and the need to respond.

On July 13, 2009, the defendants filed a motion to compel discovery (Docket Entry No. 32) asserting that the plaintiff had not responded to interrogatories and requests for production of documents which were served upon him. By Order entered August 3, 2009 (Docket Entry No. 36), the Court granted the motion to compel and ordered the plaintiff to serve responses to the defendants' discovery requests by August 20, 2009. The plaintiff was specifically advised that failure to serve his discovery responses as ordered could result in the imposition of sanctions, including dismissal of his complaint.

On August 25, 2009, the defendants filed a status report stating that the plaintiff had not responded to their discovery requests as ordered by the Court. See Docket Entry No. 39.

This action should be dismissed with prejudice in favor of the defendants. Federal Rule of Civil Procedure 37(b) provides that the Court may issue "just orders" when a party fails to obey an order to provide discovery. The Court is given the discretion to impose any sanction, including "dismissing the action or proceeding in whole or in part." See Rule 37(b)(2)(A)(v). The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the Court based on the facts of each particular case. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976); Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988). Further, it is well settled that federal trial courts have the inherent power to manage their own dockets, Link v. Wabash Railroad Co., 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contemptuous conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiff's failure to respond to the defendants' written discovery requests, failure to respond in opposition to either the defendants' motion for summary judgment or motion to compel,

3

and failure to comply with the Court's August 3, 2009, Order all indicate that he has lost interest in prosecuting this action. The action should be dismissed with prejudice due to the plaintiff's willfulness and fault in failing to engage in discovery and in disregarding the Court's order. In the August 3, 2009, Order, the plaintiff was specifically warned of the consequences of his failure to comply with the directive of the Court. Dismissal of the action with prejudice is appropriate in light of the plaintiff's lack of interest in the action, the hardship it would cause the defendants to face the prospect of defending a future action based on allegations which they have attempted to defend against in this action, the impasse in discovery caused by the plaintiff's refusal to participate in discovery, and the needless expenditure of resources by both the Court and the defendants caused by the plaintiff's conduct.

The plaintiff has also not rebutted the defendants' motion for summary judgment with any evidence supporting his claims. The defendants support their motion with affirmative evidence showing that medical care was provided to the plaintiff while at the MDCDF and that he was not retaliated against while at the MDCDF. Based upon this unrebutted evidence, no reasonable jury could find that the plaintiff was treated with deliberate indifference, as is required for a constitutional claim, see Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), or that he was retaliated against for the exercise of his First Amendment rights. See Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Thaddeus-X v. Blatter, 175 F.3d 378, 386-94 (6th Cir. 1999) (en banc).

When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, as is the defendants' motion, the non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative

4

evidence supporting its claims and establishing the existence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equipment Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The plaintiff has clearly failed to satisfy this burden.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the defendants' motion for summary judgment (Docket Entry No. 23) be GRANTED, and that, pursuant to Rules 37(b), 41(b), and 56 of the Federal Rules of Civil Procedure, this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    JULIET GRIFFIN
    United States Magistrate Judge